[No. 1795.]
CANNON ET AL. V. SERREL.

BILLS AND NOTES—UNAUTHORIZED SIGNATURE—LIABILITY OF IN-
DORSER.

Where one of two names to a joint promissory note was affixed to the note without authority so that the party whose name was thus affixed was not obligated by the note, it was not necessary for the holder of the note to first bring suit against the original makers before bringing suit against an indorser, but he could sue the indorser in the first instance.

*Appeal from the County Court of Arapahoe County.*

Mr. CASS. E. HERRINGTON and Mr. FRED HERRINGTON, for appellants.

Mr. JOHN A. DEWEESE and Messrs. MORRISON & DE-SOTO, for appellee.

THOMSON, J.

The appellee brought this suit before a justice of the peace, against the appellants as indorsers of a paper purporting to be the promissory note of F. D. Sargent and T. E. McNulty for $152.65. The note was assigned by the defendants to the plaintiff on the day it was made, as part of the consideration of a dairy sold by her to them. The name of F. D. Sargent was signed to the note by McNulty. No suit upon the note was ever brought against Sargent and McNulty, or either of them. The judgment of the justice was for the plaintiff, and the defendants appealed to the

county court. In that court the plaintiff again had judgment, and the defendants have brought the case here.

The evidence tended to show that McNulty had no authority to sign the name of Sargent to the paper, and the judgment of the court is conclusive upon us that he had none. It was, therefore, not the note of Sargent, and was not the instrument it purported to be. By our statute, every assignor of a note becomes liable to the assignee, if the latter, by the use of due diligence in the institution and prosecution of the proper suit, has failed to collect the money due; provided that if the suit would be unavailing it need not be brought, and the assignor may be sued in the first instance. Gen. Stats. sec. 107.

By his contract, the endorser of a note warrants the genuineness of the instrument in every respect, and engages that it may be recovered upon and collected, in accordance with its terms. See 1 Daniel on Negotiable Instruments, §§ 669, 672.

According to its terms, this note was the joint promise of two persons, and as such, it was sold to, and received by, the plaintiff. The defendants by their indorsement contracted that both those persons were liable upon it, and the plaintiff took it in reliance upon their contract. But one of the signatures was not genuine, and the instrument was not the note of Sargent. There could, therefore, be no recovery upon the note according to its terms, and a suit having for its object such recovery, would be unavailing. We do not think that in order to fall back upon the indorsers, the holder of a note is obliged to seek a recovery outside of its terms. We think the suit contemplated by the statute is a suit upon the note as it is written, and that if a recovery, in accordance with its terms, is impossible, the suit would be unavailing within the meaning of the law. The contract into which the defendants entered by their indorsement was broken as soon as it was made, and in our opinion the statute affords them no protection.

Let the judgment be affirmed.

*Affirmed.*